IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL FRANCIS (TDCJ No. 2135646), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2028-M-BN |
| NURSE YOUNG AND OFFICER JEFFERSON, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action by a prisoner (or, at the time of the incident, a pretrial detainee) against employees of a government entity has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The Court having granted Plaintiff Michael Francis leave to proceed *in forma pauperis* ("IFP"), the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**Applicable Background**

Francis, now a Texas prisoner, alleges that on May 5, 2017 – when he was detained at the Dallas County Jail prior to the convictions under which he currently is incarcerated, *see State v. Francis*, Nos. F17-22331, -22332, & -22333 (Crim. Dist. Ct.

No. 4, Dallas Cty. May 12, 2017) – Defendants Nurse Young and Officer Jefferson disclosed his "protected health information" in violation of "HIPPA law," Dkt. No. 3 at 3; *see id.* at 5 ("Nurse Young ... knowingly and intentionally disclosed my protected health information ... to Guard Jefferson by having Jefferson sort through our medications and giving the medication to Nurse Young to administer.").

Because, upon reviewing his complaint, it appeared that Francis's sole claim was based on alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in United States Code Titles 18, 26 and 42), the undersigned recommended that the Court summarily dismiss this action on August 2, 2017. *See* Dkt. No. 6.

That recommendation was withdrawn, *see* Dkt. No. 8, after Francis filed an objection to the recommendation or clarification of his claims that included factual allegations from which the Court could plausibly infer that Francis's claims are broader than just a cause of action under HIPAA, *see* Dkt. No. 7.

A questionnaire was therefore issued, *see* Dkt. No. 9, and Francis filed verified responses to that questionnaire on September 7, 2017, *see* Dkt. No. 10.

**Legal Standards**

Because he is proceeding IFP and because Francis, a pretrial detainee at the time of the alleged harm, has sued two employees of a government entity, his complaint is subject to dismissal without service if it, for example, "fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b)(1).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Verified responses to interrogatories issued "[t]o aid in the determination of whether an IFP complaint" or one filed by a prisoner "is frivolous," "become part of the plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

**Analysis**

HIPAA Claim

It is well-established that "there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over" a claim based on HIPAA. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam); *see Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) ("Since HIPAA does not

create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action. We hold that the district court properly dismissed Plaintiffs' federal claims for failure to state a claim."); *see, e.g., Saldana-Fountain v. United States*, EP-15-CV-39-KC, 2016 WL 626573, at *13 (W.D. Tex. Feb. 16, 2016); *Dean v. City of New Orleans*, Civ. A. No. 11-2209, 2012 WL 2564954, at *14-*15 (E.D. La. July 2, 2012) (collecting cases).

Therefore, to the extent that Francis alleges a claim based on HIPAA, *see, e.g.,* Dkt. No. 10 at 2 (identifying "[b]reaking of HIPAA law" as a basis for this action), the Court should dismiss that claim with prejudice.

Constitutional Claim

Through his verified questionnaire responses, Francis alleges that Defendants' "expos[ing his] medical information" caused him to be slapped in the face by another inmate on May 5, 2017 and resulted in two fights between Francis and other inmates, on May 10, 2017 and on May 13, 2017. Dkt. No. 10 at 2; *see id.* at 6 (alleging that fellow inmates called him "a faggot" and said he "had AIDS"); *see also* Dkt. No. 7 (claiming that "Nurse Young has the med cart backed up [to] tank two [where] the inmates can see everything on the screen. So as Officer Jefferson gave Nurse Young [our] meds the people could see what and who was [taking] the meds.... They put two and two together and came up with [it's] a HIV AIDS tank. Which is the only segregated tank in Dallas County. So we were on display after that point name calling, threatening [our] lives, gay bashing, different obscenit[ies].").

Liberally construed, these allegations attempt to set out a claim that, by acting

-4-

in a manner that exposed Francis's medical information to other inmates, Jefferson and Young violated Francis's constitutional rights.

As a pretrial detainee at the time of this incident, Francis was "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)); *see Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) ("[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'"). The Court's task is therefore to determine whether Francis has plausibly pleaded that his Fourteenth-Amendment rights were violated by Defendants' acting in a manner, on May 5, 2017, that exposed to other inmates Francis's confidential medical information.

> The applicable standard for making this determination depends on whether the constitutional challenge is based on a "condition of confinement" or an "episodic act or omission." Where the claim is based on a condition of confinement, the constitutional challenge is to the general conditions, practices, rules, or restrictions of pretrial confinement. By contrast, where the claim is based on an episodic act or omission, the complained-of harm is a particular act or omission of one or more officials, and the case focuses on whether the official breached his constitutional duty to tend to the basic human needs of persons in his charge.

*Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (citations, quotation marks, and brackets omitted).

The particular basis for this Fourteenth-Amendment challenge is not specified.

-5-

But the facts alleged do not support a conditions-of-confinement claim, which "requires 'a pervasive pattern of serious deficiencies in providing for the detainee's basic human needs,' and cannot be established by 'isolated examples of illness, injury, or even death, standing alone.'" *Id.* at *7 (quoting *Shepherd v. Dallas Cty.*, 591 F.3d 445, 453 (5th Cir. 2009) ("which held that Dallas County's failure to treat chronic illness among detainees was an unconstitutional condition of confinement"); brackets omitted).

And Francis has not alleged a plausible constitutional violation based on an episodic act or omission, as he has failed to allege (or allege facts that support a plausible inference) "that [Jefferson and Young] acted or failed to act with deliberate indifference to [his] needs." *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017) (per curiam).

While the alleged actions of Jefferson and Young on May 5, 2017 that exposed Francis's confidential medical information to others may have been negligent or possibly grossly negligent, "[s]ubjective deliberate indifference 'cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Price*, 2017 WL 3189706, at *7 (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001)); *see id.* at *8 ("Subjective intent that harm occur is an essential element of an episodic act or omission claim." (citing *Alderson*, 848 F.3d at 422)); *see also Marino v. Cunnion*, No. A-11-CV-587-LY, 2013 WL 33625, at *3 (W.D. Tex. Jan. 2, 2013) ("When a pretrial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. To prove deliberate

-6-

indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety." (citing *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999))).

Therefore, to the extent that Francis alleges a Fourteenth-Amendment-due-process violation, the Court should dismiss that claim with prejudice as, through the questionnaire, the Court already has afforded Francis the opportunity to state his best case. *Cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

**Recommendation**

The Court should dismiss this action with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE